**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BILLY J. FOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-318-TLS |
| | ) | |
| SUPERINTENDENT, WESTVILLE | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Billy Fox, a prisoner confined at the Westville Correctional Facility (WCF), submitted a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1]. According to the Petition, a prison disciplinary hearing board (DHB) found him guilty of attempted escape. The following sanctions were ordered: a one-year period of disciplinary segregation, an earned credit time deprivation of ninety days, and the imposition of an earlier suspended sentence that resulted in an additional loss of thirty days of earned credit time. (Resp.'s Mem. in Supp., Ex. A, DE 27-1.)

The Petitioner has a protected liberty interest in good-time credits he has earned because loss of such credits affects the length or duration of his confinement. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002) (per curiam). Accordingly, habeas corpus relief is the appropriate remedy for loss of good time credits. *Cochran*, 381 F.3d at 639; *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

The Respondent has filed a Motion to Dismiss in which he states that the Indiana Department of Correction has dismissed the disciplinary action against the Petitioner, has rescinded all sanctions, and is expunging all reference to the disciplinary matter in case number

WCC 08-08-0597 from the Petitioner's records. (Resp.'s Mot. to Dismiss 1, DE 26.) The Respondent has attached a letter from the Indiana Department of Correction Final Reviewing Authority Charles A. Penfold to the Petitioner, which is dated May 18, 2010, and which states:

> Your appeal on disciplinary action taken against you in the above cited case has been received.
>
> All materials relevant to this appeal have been reviewed and I am dismissing the case. All sanctions are hereby rescinded. All references to the above noted case shall be expunged within thirty (30) days from receipt of this letter.

(Resp.'s Mem. in Supp., Ex. B, DE 27-2.)

The Petitioner has not contested the Respondent's submissions, which establish that the Petitioner's credit time has been restored and that the DHB finding of guilt no longer effects the length of his sentence or his release date. Federal Rule of Civil Procedure 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because the only relief the Petitioner would receive if the Court were to adjudicate the merits of his Petition is restoration of the lost credit time, his claim has become moot by virtue of him already receiving all of that relief. *See Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992) (remanding case to district court to dismiss administrative segregation claim as moot after petitioner had been released from administrative segregation).

Accordingly, the Court GRANTS the Respondent's Motion to Dismiss [DE 26] and ORDERS that this Petition be DISMISSED as moot.

SO ORDERED on June 10, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION